**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | : | CHAPTER | 7 |
| | : | | |
| Diane L. Archambault, | : | CASE NO. | 19-21021 (JJT) |
| | : | | |
| DEBTOR. | : | RE: ECF NOS. | 1, 11, 19 |
| | : | | |

**RULING ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM**
**OF EXEMPTION IN INHERITED INDIVIDUAL RETIREMENT ACCOUNT**

Before the Court is the Chapter 7 Trustee's ("Trustee") Objection to the Debtor's Claim of Exemptions in Inherited Individual Retirement Account ("Objection," ECF No. 11). Therein, the Trustee argues that the claimed exemption of funds pursuant to Connecticut General Statutes §§ 52-352b(m) and 52-321a by the Debtor, Diane L. Archambault ("Ms. Archambault" or the "Debtor"), in an inherited individual retirement account ("IRA") valued in the amount of $14,821.42 is improper. The gravamen of the Trustee's Objection is that Conn. Gen. Stat. §§ 52-352b(m) and 52-321a do not provide a carve out specifically for inherited IRAs and, therefore, in light of the U.S. Supreme Court's decision in *Clark* v. *Rameker*, 134 S. Ct. 2242 (2014), which held that inherited IRAs were not exempt under 11 U.S.C. § 522 (the federal exemptions), the Debtor's inherited IRA should not be exempt from her bankruptcy estate.

This case began on June 14, 2019, when the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, wherein she disclosed an ownership interest in an inherited IRA on her Schedule A/B (ECF No. 1, Schedule

A/B, #21). Following the § 341 Meeting of Creditors, the Trustee filed a timely Objection, challenging the Debtor's claim of exemption in the inherited IRA under Conn. Gen. Stat. §§ 52-352b(m) and 52-321a. Thereafter, the Debtor filed a response to Trustee's Objection ("Response," ECF No. 19) arguing that the inherited IRA was exempt pursuant to Conn. Gen. Stat. § 52-352b(m), which exempts "[a]ny assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a." The Debtor further argues that the plain language of Conn. Gen. Stat. § 52-321a indicates that "[t]he Connecticut General Assembly elected to create a statute that protects both participants and beneficiaries and did not restrict the form of IRA" (ECF No. 19).

A hearing on the Objection was held on November 6, 2019, at which time the Court took the matter under advisement (ECF No. 23). At the hearing, the Trustee and the Debtor did not dispute the nature of the property that the Debtor sought to exempt, namely, that it was an inherited, non-spousal IRA, which the Debtor received upon the death of a parent (ECF No. 24). For the reasons stated below, the Trustee's Objection is OVERRULED.

At the outset the Court notes that, while the Supreme Court's decision in *Clark v. Rameker* addresses a similar subject (treatment of an inherited IRA for the purpose of exemption in bankruptcy) and is in some way instructive with respect to framing the larger issues surrounding inherited IRAs, the Supreme Court's determination was based on the interplay of the U.S. Bankruptcy Code and sections of the Internal Revenue Code ("IRC") as it related to whether an inherited IRA

should be considered "retirement funds" under 11 U.S.C. § 522. *See In re Kapsinow*, No. 2018-94-M.P., 2019 WL 6720253 (R.I. Dec. 11, 2019). In the present case, the resolution of the Trustee's Objection does not turn on what constitutes retirement funds according to the Code or the IRC, but rather it turns on whether the Connecticut exemption statute, on its face, can be read to include inherited IRAs as property exempted from the bankruptcy process. In light of that, the holding in *Clark v. Rameker* is of little assistance to the Court with respect to determining the present state law issue.

Turning to the statute at bar, Connecticut General Statute § 52-321a provides in relevant part: "Except as provided in subsection (b) of this section, any interest in or amounts payable to a participant or *beneficiary* from the following shall be exempt from the claims of all creditors of such participant or *beneficiary* . . . (B) any individual retirement account which is qualified under Section 408 of said internal revenue code to the extent funded, including income and appreciation . . . ." (Emphasis added.) Because *beneficiary* is not defined by the statute (or related statutes), we adopt its plain meaning. *See* Connecticut General Statutes § 1-1 ("[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly").[1]

---

[1] The Meriam Webster Dictionary defines *beneficiary* as: (1) a person or thing that receives help or an advantage from something; one that benefits from something; (2) the person designated to receive the income of an estate that is subject to a trust; or (3) the person named (as in an insurance policy) to receive proceeds or benefits. Additionally, Black's Law Dictionary defines *beneficiary* as: "Someone

3

Here, both the Trustee and the Debtor agree that the account the Debtor seeks to exempt is an inherited IRA that was previously held by a parent of the Debtor. The Trustee does not argue that the Debtor is *not* a beneficiary for the purposes of the Conn. Gen. Stat. § 52-321a, nor does the Trustee argue that this particular IRA, prior to its transfer to the Debtor, was *not* an individual retirement account which qualified under Section 408 of the IRC. Although Conn. Gen. Stat. § 52-321a does not exempt inherited IRAs by name, the inclusion of the term beneficiary, *in addition to* participant, is not without meaning and would seem to permit, by virtue of its very inclusion, a debtor to exempt an inherited IRA. Accordingly, absent any challenge from the Trustee that the Debtor is not a beneficiary, this Court concludes that the plain language of Conn. Gen. Stat. § 52-321a, which exempts IRAs held by *both* participants *and* beneficiaries, can be reasonably read to include inherited IRAs, and, therefore, the exemption of the Debtor's inherited IRA is proper.[2]

---

who is designated to receive the advantages from an action or change; esp., one designated to benefit from an appointment, disposition, or assignment (as in a will, insurance policy, etc.), or to receive something as a result of a legal arrangement or instrument. . . ." Black's Law Dictionary (11th ed. 2019).

[2] Trustee further argues that, almost as a matter of policy, this Court should apply the principle underlying *Clark v. Rameker*, i.e., that funds in an inherited IRA do not really constitute retirement funds at all and, thus, they should not get special treatment, unless *expressly* provided for under state law. As previously stated, the holding of *Clark v. Rameker* is inapposite to the present circumstances because it addressed an issue of federal law in the context of the federal exemptions. While the Court need not rely solely on this maxim in the present case, the Court notes there is a well established countervailing policy that bears on the present issue, namely, when "attempting to construe the Connecticut . . . exemption [statute], we must bear in mind the firmly established canon of interpretation instructing that, in order to effectuate the purpose of exemptions, such laws are to be liberally construed in favor of the debtor. . . . For this reason, no mere technicality should defeat the right of exemption, and whenever the claim to an exemption can be brought within the purpose and intent of the statute by a fair and reasonable interpretation, the exemption should be allowed." *KLC, Inc. v. Trayner*, 426 F.3d 172, 176 (2d Cir. 2005) (citation omitted and internal quotation marks omitted) (citing to *Caraglior v. World Sav. & Loan (In re Caraglior)*, 251 B.R. 778, 782–83 (Bankr. D. Conn. 2000)).

4

5

Accordingly, the Court OVERRULES the Trustee's Objection to Debtor's Claim of Exemption relating to the Debtor's inherited IRA.

IT IS SO ORDERED at Hartford, Connecticut this 26th day of December 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut